RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK AUSSIEKER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**WORTH UNLIMITED LLC D/B/A UNITED FINANCIAL FREEDOM,** a Utah corporation,<br><br>*Defendant.* | **CLASS ACTION**<br><br>**JURY TRIAL DEMAND** |

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA,

1

**CLASS ACTION COMPLAINT**

generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff alleges that Worth Unlimited made prerecorded voice telemarketing calls to the Plaintiff and other putative class members without their consent.

3. Because prerecorded voice marketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal robocalls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff, Mark Aussieker, resides in California in this District.

6. Defendant Worth Unlimited is a Utah limited liability company that makes telemarketing calls into this District, as it did with the Plaintiff.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims.

8. The Court has personal jurisdiction over the Defendant because it engaged in telemarketing conduct into this District.

9. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the robocalls were made into this District.

2
**CLASS ACTION COMPLAINT**

**TCPA Background**

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15. Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

## Factual Allegations

16. Worth Unlimited offers debt relief services.

17. In order to sell its products and services, Worth Unlimited relies on telemarketing.

18. One of the telemarketing strategies used by Defendant involves the use of prerecorded messages to solicit potential customers to use its services.

19. While such automated technology may save time and money for Worth Unlimited's telemarketing efforts, it violates the privacy rights of the Plaintiff and putative class.

Calls to Plaintiff Aussieker

20. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

21. Mr. Aussieker's telephone number, 916-705-XXXX is registered to a cellular telephone service.

22. Worth Unlimited called Mr. Aussieker on his cellular telephone with a pre-recorded message on June 4, 2020.

23. The purpose of the calls was to sell Worth Unlimited's debt relief services to Mr. Aussieker in exchange for a fee.

24. Confirming that Worth Unlimited made the call and was offering its services, Mr. Aussieker responded to the prerecorded voice's questions to be transferred to a live person.

25. Once transferred, Mr. Aussieker feigned interest in Defendant's products and received a confirmatory e-mail and text message with a recorded video.

26. Following the video, a Mr. James Townliand contacted the Plaintiff to further solicit Worth Unlimited's services.

27. Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

28. Plaintiff did not provide prior express written consent to receive Defendant's calls prior to the receipt of the calls.

## Class Action Allegations

29. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> Robocall Class:   All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular or residential landline telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

31. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The Class as defined above is identifiable through phone records and phone number databases.

33. The potential Class members is likely to number at least in the thousands.  Individual joinder of these persons is impracticable.

34. The Plaintiff Aussieker is a member of the Robocall Class.

35. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using artificial and/or prerecorded calls to contact putative class members' cellular telephones or residential landlines;

    b. Whether Defendant placed calls without obtaining the recipients' prior express consent for the calls;

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

36. The Plaintiff's claims are typical of the claims of class members because he received the same type of telephone contact as others in alleged violation of a single federal statute.

37. The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents him.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

39. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40. The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class's membership described above.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Automated Call provisions

41. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. Defendant's call was made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

43. The Defendant violated the TCPA by (a) using a prerecorded voice to make calls to cellular and residential landline telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(b).

44. The Defendant's violations were willful and/or knowing.

45. The TCPA also authorizes injunctive relief, and the Plaintiff seeks injunctive relief prohibiting Defendant from calling telephone numbers using an automatic telephone dialing system or a prerecorded voice, absent an emergency circumstance.

### Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers using a prerecorded voice absent an emergency circumstance.

B. Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate class the Court deems appropriate, finding that

Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

**MARK AUSSIEKER**, individually and on behalf of those similarly situated individuals

Dated: September 14, 2020     By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar no. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for the Plaintiff and the putative Class*

**8**
**CLASS ACTION COMPLAINT**